UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAVID E. MNZAVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-386-TAV-CCS |
| | ) | |
| DIVERSE CONCEPTS, LLC, *doing business as* | ) | |
| PARKSIDE GRILL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order of the Chief District Judge.

Now before the Court are: Motion to Quash Summons and Service of Summons and Complaint or in the Alternative, Motion to Dismiss the Complaint [Doc. 23], filed by Defendant; Motion for Leave to File Amended Complaint and Memorandum of Law in Support [Doc. 9], filed by Plaintiff; and Motion to Extend Time for Service of Defendants, [Doc. 10], filed by Plaintiff. These motions are fully briefed and ready for disposition by the Court.

In its motion, the Defendant argues that it does not do business as Parkside Grill and that it is not Plaintiff's employer. In his motion the Plaintiff essentially concedes that he made an error in serving Defendant. Plaintiff argues that his mistake was inadvertent and not based upon a lack of due diligence. He moves the Court to afford him 120 additional days in which to serve the proper defendant.

The Court has thoroughly reviewed the parties' submissions and considered the procedural posture of this case. In particular, the Court has considered the fact that the Chief District Judge entered a Scheduling Order setting the trial of this matter for April 18, 2016. The Court finds that the Plaintiff has shown good cause supporting a brief extension of his period for serving the proper defendant, and further, the Court finds that a brief extension is not likely to prevent the parties from trying this case in April 2016. Accordingly, the Court finds that it "must extend the time for service for an appropriate period," Fed. R. Civ. P. 4(m), and therefore, grant the Motion to Extend Time for Service to Defendants, in part.

In this case, the Court finds that it is appropriate to afford the Plaintiff until August 10, 2015, to serve the proper defendant. The Court finds that Plaintiff's Motion to Extend was filed February 17, 2015. Thus, in addition to the thirty-day extension afforded by the Court in this Memorandum and Order, Plaintiff has already been afforded almost 150 days in which he knew about his error and could have been attempting to procure service on the proper defendant. The Plaintiff has changed counsel during this period, and therefore, based on the record as a whole, the Court finds that a final thirty-day extension is appropriate. The Court is not inclined to extend this period for service any further absent a showing of extraordinary good cause.

Because the Court finds that the Plaintiff's request to extend the time for service is well-taken, the Court also finds that justice requires that the Plaintiff be permitted to amend the Plaintiff's complaint. See Fed. R. Civ. P. 15(a)(2). Accordingly, the Plaintiff's Motion for Leave to File Amended Complaint will be granted, and the Plaintiff will have up to and including July 10, 2015, in which to file his proposed complaint [Doc. 9-1] in the record.

Finally, the Court will hold the Defendant's Motion to Quash Summons and Service of Summons and Complaint or in the Alternative, Motion to Dismiss Complaint [Doc. 4], in

abeyance pending the expiration of the deadline for Plaintiff to serve the proper defendant. The Court will conduct a status conference in this case at 2:00 p.m. on August 17, 2015, to address status of service in this case and the Defendant's Motion to Quash Summons and Service of Summons and Complaint or in the Alternative, Motion to Dismiss Complaint [Doc. 4].

Based upon the foregoing, it is **ORDERED**:

1. The Motion to Extend Time for Service to Defendants **[Doc. 10]** is **GRANTED IN PART** and **DENIED IN PART**. The Plaintiff shall have up to and including **August 10, 2015**, in which to serve the proper defendant. This deadline will not be extended further absent a showing of extraordinary good cause.

2. The Plaintiff's Motion for Leave to File Amended Complaint **[Doc. 9]** is **GRANTED**, and the Plaintiff has up to and including **July 10, 2015**, in which to file his proposed complaint [Doc. 9-1] as his operative pleading in the record.

3. The Defendant's Motion to Quash Summons and Service of Summons and Complaint or in the Alternative, Motion to Dismiss Complaint **[Doc. 4]** is **HELD IN ABEYANCE**, pending the expiration of the extended period for service.

4. The parties **SHALL APPEAR** before the undersigned at 2:00 p.m. on **August 17, 2015**, for a conference to address the Defendant's motion and the status of service in this case.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge