UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAVID E. MNZAVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  3:14-CV-386-TAV-CCS |
| | ) | |
| DIVERSE CONCEPTS, LLC and | ) | |
| PARKSIDE GRILL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to 28 U.S.C. § 636, the Court referred three motions to the magistrate judge: (1) Diverse Concepts, LLC's Motion to Quash Summons and Service of Summons and Complaint or in the Alternative, Motion to Dismiss the Complaint [Doc. 4], (2) Plaintiff's Motion for Leave to File Amended Complaint and Memorandum of Law in Support [Doc. 9], and (3) plaintiff's Motion to Extend Time for Service to Defendants [Doc. 10]. In ruling on these motions, the magistrate judge extended the time for service, allowed for amendment of the complaint, and denied as moot the motion to quash [Docs. 26, 39]. Diverse Concepts filed objections to these orders [Docs. 28, 42]. Plaintiff filed a response [Doc. 36], and Diverse Concepts replied [Doc. 41].

Diverse Concepts asserts that the Court "may reconsider any pretrial matter under [28 U.S.C. § 626(b)(1)] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law" [Doc. 28 p. 4]. It further cites to Rule 72(a), which provides that the district judge "must consider timely objections [to nondispositive

matters] and modify or set aside any part of the order that is clearly erroneous or is contrary to law" [*Id.*]. Yet, the matters before the magistrate judge had the potential to dispose of the litigation, making the motions dispositive. *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–15 (6th Cir. 2001). In reviewing objections to dispositive matters, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence, or return the matter to the magistrate judge with instructions." *Id.*

Diverse Concepts first objects to the magistrate judge's order allowing plaintiff additional time to "serve the proper defendant" [Doc. 28 p. 1]. Diverse Concepts asserts plaintiff failed to establish good cause for the extension.

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). A plaintiff is responsible for serving the summons and complaint in accordance with Federal Rule of Civil Procedure 4 and within the time allowed by Rule 4(m). *See* Fed. R. Civ. P. 4(c)(1). "[A]ctual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999). Rather than being "some mindless technicality," proper service of process is an essential prerequisite to the Court gaining personal jurisdiction over the defendant. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)).

2

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Sixth Circuit has interpreted the language of this rule to require a two-step analysis. First, the Court "must determine whether the plaintiff has shown good cause for the failure to effect service," and if so, must grant a mandatory extension of time. *Stewart v. Tenn. Valley Auth.*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000). Second, if the plaintiff has not shown good cause, the Court must either dismiss the action without prejudice or order that service be made within a specified time. *Henderson v. United States*, 517 U.S. 654, 663 (1996) ("[C]ourts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" (citation omitted)); *Treadway v. Cal. Prods. Corp.*, No. 2:13-CV-120, 2013 WL 6078637, at *5 (E.D. Tenn. Nov. 19, 2013).

As grounds for good cause, plaintiff asserts that his counsel suffered from various medical problems after the filing of the complaint, which required him to cut back on some cases, close down certain offices where he worked with other attorneys and was the managing attorney, terminate association with most attorneys, and relocate to a temporary office [Doc. 10 p. 3–4]. According to plaintiff, this case was impacted as a result in that "the file for this case was not properly kept up to date"; "dates associated with the tasks of this case, i.e filing the summons, were not properly logged"; and "the

3

motions in question were put in the file with no assignment reminder to counsel" [*Id.* at 4]. Further, plaintiff asserts that his counsel had two lengthy jury trials and worked on four criminal defense cases [*Id.*].

These circumstances, however, do not lead the Court to find good cause for an extension. To establish good cause, a plaintiff must offer an explanation equivalent to "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992) (emphasis omitted) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985)). While the rule is at times harsh, "[c]lients are held accountable for the acts and omissions of their attorneys, and attorney inadvertence generally does not constitute excusable neglect." *Jackson v. Chandler*, 463 F. App'x 511, 513 (6th Cir. 2012). *See also Varner v. Loudon Cnty.*, No. 3:14-CV-196-PLR-CCS (E.D. Tenn. Jan. 22, 2015) (finding same counsel's "general assertions about his caseload and the circumstances of his practice" alone insufficient to demonstrate good cause for an extension of time to effect service). And while plaintiff contends Diverse Concepts received notice of the complaint, "[a]ctual notice and lack of prejudice to the defendant are . . . insufficient to establish good cause." *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 324 (E.D. Mich. 2001) (citing *Moncrief*, 961 F.2d at 596–97).

4

Finding good cause does not exist to extend the time for service, the Court must examine whether it should dismiss the action without prejudice or order that service be made within a specified time. As a "helpful guide for the Court's exercise of discretion," this Court has previously utilized a non-binding five-factor test, *see Winston v. Bechtel Jacobs Co.*, No. 3:13-CV-192-TAV-CCS, 2015 WL 1192704, at *5 (E.D. Tenn. Mar. 16, 2015), that other courts in the Sixth Circuit have developed and similarly relied upon, *see Slenzka*, 204 F.R.D. at 326 (employing five-factor test); *Wise v. Dep't of Defense*, 196 F.R.D. 52, 56–57 (S.D. Ohio 1999) (same). The factors are:

> (1) whether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than the inherent 'prejudice' in having to defend the lawsuit; (3) whether the defendant had actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiff[], *i.e.,* cause the plaintiff['s] suit to be time-barred . . . ; and (5) whether the plaintiff[ has] made diligent, good faith efforts to effect proper service of process.

*Treadway*, 2013 WL 6078637, at *6 (quoting *Slenzka*, 204 F.R.D. at 326).

Some courts have indicated that the fourth factor—whether dismissal would substantially prejudice the plaintiff—"carries the most weight and may be dispositive of the issue." *Dudzinski v. Spirit Airlines, Inc.*, No. 09-15009, 2011 WL 1233231, at *6 (E.D. Mich. Mar. 30, 2011). Other courts, however, have made clear that a district court retains discretion to dismiss even time-barred suits. *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1306 n.7 (3d Cir. 1995) (explaining that "holding that good cause exists any time the statute of limitations has run would effectively eviscerate Rule 4(m)"); *see also Friedman*, 929 F.2d at 1158 (affirming dismissal of time-barred suit for

5

insufficient service "[d]espite the severity of such a result"); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1007 (7th Cir. 2011) (same); *Redding v. Essex Crane Rental Corp. of Ala.*, 752 F.2d 1077, 1078 (5th Cir. 1985) (same).

In reviewing the first and fifth factors, the Court recognizes that plaintiff's first effort at service was issued to Parkside Grill 161 days after the filing of the complaint [Doc. 4]. Notably, this was beyond the 120-day period afforded by Rule 4(m). This late effort was followed by Diverse Concepts's motion to quash summons and service of summons and complaint [Doc. 4]. In that motion, Diverse Concepts argued that the entity plaintiff sought to serve does not exist and that the service was nonetheless untimely [*Id.*]. In response to this motion, plaintiff sought to amend the complaint and extend the time for service [Docs. 9, 10]. In granting that request, the magistrate judge afforded plaintiff a total of 362 days to effect service. Hence, no additional time would need to be granted at this time.

Regarding the second and third factors, there is no question that Diverse Concepts has had notice of the lawsuit.[1] And it asserts no prejudice other than that inherent in having to defend the lawsuit. The Court is also cognizant, with respect to the fourth factor, that dismissal of this action—even without prejudice—could bar any future suit.

---

[1] As discussed later in this memorandum opinion and order, the Court agrees with Diverse Concepts that plaintiff should not have been afforded leave to amend the complaint with respect to Parkside Grill. It therefore does not address these factors with respect to Parkside Grill. Further, while Diverse Concepts asserts plaintiff's motion for an extension related only to Parkside Grill and that the magistrate judge erred in granting an extension to serve both Diverse Concepts and Parkside Grill, plaintiff's motion was styled as a motion to serve "defendants" in the plural and the motion referenced both. The Court therefore finds it appropriate to address whether the Court should afford plaintiff an extension to serve Diverse Concepts.

On balance, and considering the record of this action, the Court elects to exercise its discretion to extend the time for service, and it elects to extend the time for service to the period so allowed by the magistrate judge. This discretion is supported by the "policy in this Circuit of resolving disputes on their merits." *Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000). Thus, Diverse Concepts's objection regarding the magistrate judge's ruling on plaintiff's motion to extend the time for service is sustained in part and overruled in part.

That leaves the Court with Diverse Concept's objection to Magistrate Judge Shirley's order granting plaintiff leave to amend the complaint to name Diverse Concepts and Parkside Grill as separate defendants. Diverse Concepts argues that the amendment is time barred as to Diverse Concepts because Diverse Concepts did not receive notice within the time provided by Rule 4(m); in other words, it did not receive notice of the lawsuit within 120 days of the filing of the complaint [Doc. 28 pp. 1–2]. In addition, Diverse Concepts argues that the amended complaint adds a non-legal entity as a defendant and is therefore futile [*Id.* at 2].

With respect to the first argument of Diverse Concepts, the Sixth Circuit has incorporated "Rule 4(m)'s 120-day baseline" as well as "Rule 4(m)'s good-cause baseline exception" into Rule 15's notice deadline. *Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) (holding that notice "over 250 days after the 120-day period expired" was sufficient because the plaintiff qualified for the good-cause exception). There is no question Diverse Concepts received notice of the action within the time the

7

magistrate judge afforded plaintiff to serve the complaint. In addition, upon review of the original complaint, the record demonstrates that Diverse Concepts "new or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). The Court thus overrules this objection.[2]

The Court, however, will sustain the objection of Diverse Concepts with respect to Parkside Grill. Diverse Concepts has submitted evidence that Parkside Grill is not a legal entity [Docs. 4-2, 16-1]. Thus, any claim against it would be futile. *See generally Nelson v. Putnam Cnty. Justice Ctr.,* No. 2:13-CV-00029, 2013 WL 1623686, at *3 (M.D. Tenn. Apr. 15, 2013) (finding that the plaintiff failed to state a claim against the named defendant because the named defendant was a building and not a legal entity).

Finally, the Court finds Diverse Concepts's motion to quash [Doc. 4] moot because the Court exercises its discretion to extend the time for service and allow the amended complaint with respect to Diverse Concepts, although not Parkside Grill. It therefore overrules the objection of Diverse Concepts to the magistrate judge's ruling on that motion.

---

[2] The Court makes no ruling about the proper party or parties, or about whether plaintiff should be afforded leave to add NP Properties, LLC as a defendant. The Court will rule on the issues relating to NP Properties, LLC in connection with plaintiff's motion for leave to file an amended complaint and extend the time to serve defendants [Doc. 45]. Upon motion of Diverse Concepts, the magistrate judge ordered that Diverse Concepts need not reply to that motion until the Court ruled on Diverse Concept's objections [Doc. 47]. Accordingly, Diverse Concepts is **ORDERED** to respond to Plaintiff's Motion for Leave to File Amended Complaint and for Extension of Time for Service to Defendants [Doc. 45] within fourteen days of entry of this memorandum opinion and order.

Accordingly, as set forth herein, the Objection to the Court's Memorandum and Order [Doc. 26] [Doc. 28] is **OVERRULED in part and SUSTAINED in part** and the Objection to the Court's Memorandum and Order [Doc. 39] [Doc. 42] is **OVERRULED**. Parkside Grill is **DISMISSED** as a party to this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE