UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DAVID E. MNZAVA, )
 )
 Plaintiff, )
 )
v. ) No.: 3:14-CV-386-TAV-CCS
 )
DIVERSE CONCEPTS, LLC, )
 )
 Defendant. )

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on Plaintiff's Motion for Leave to File Amended Complaint and for Extension of Time for Service to Defendants [Doc. 45]. Defendant Diverse Concepts, LLC filed a response in opposition [Doc. 49]. Plaintiff did not reply, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1. For the reasons set forth herein, the Court will grant plaintiff's motion and allow amendment of the complaint.

**I. Background**

Plaintiff originally sued Diverse Concepts, LLC d/b/a Parkside Grill [*Id.* ¶ 2]. Plaintiff moved to amend the complaint to name Diverse Concepts, LLC and Parkside Grill as separate defendants, asserting plaintiff had "believed that Defendant Parkside Grill was an alias of Diverse Concepts, LLC, due to documents received from the Tennessee Human Rights Commission concerning the administrative stage of this case" [Doc. 9 p. 1]. Judge Shirley granted the motion to amend and afforded plaintiff an

extension of time to serve "the proper defendant" [Doc. 26]. In ruling on objections to that order, the Court determined that plaintiff should not have been afforded leave to amend the complaint to add Parkside Grill as a defendant because Parkside Grill is not a legal entity [Doc. 48].

Before the Court ruled on the objection, plaintiff moved to amend the complaint to omit Parkside Grill as a defendant and add NP Properties, LLC ("NP Properties") as a defendant [Doc. 45]. Plaintiff submits that the purpose of the motion is "to correct Plaintiff's error in identifying the Defendants by their proper legal names" [*Id.* ¶ 1]. More particularly, plaintiff submits that the legal name of Parkside Grill is NP Properties and that NP Properties was plaintiff's employer during the events giving rise to this lawsuit [*Id.* ¶¶ 2–3, 9].

Defendant Diverse Concepts, LLC ("Diverse Concepts") opposes the motion [Doc. 49]. Defendant argues that the statute of limitations bars the proposed amendment because it does not relate back and that the proposed amendment is therefore futile. Defendant also argues that the deadlines for amending the complaint have passed.[1] Finally, defendant asserts that the Court should deny the proposed amendment because of undue delay, repeated failures to cure deficiencies, and undue prejudice to defendant.

---

[1] After the filing of the response, the Court continued the trial in this matter upon the motion of Diverse Concepts to amend the Scheduling Order [Doc. 52]. According to the deadlines set forth in the Scheduling Order and the new trial date, the deadline for filing motions to amend has not yet passed. The Court therefore finds this argument moot.

2

## II.     Standard of Review

A party may amend its pleading once as a matter of course within twenty-one days of serving it, or the earlier of twenty-one days of a defendant filing a responsive pleading or serving a motion under Rule 12 (b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Here, leave of Court is required for any amendment.

"The court should freely give leave when justice so requires."  *Id.*  Leave is appropriate "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009).  "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss."  *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

When a proposed amendment would occur outside the applicable statute of limitations, a plaintiff must demonstrate that the complaint "relates back" to the initial complaint.  Rule 15(c) governs when an amendment relates back:

3

> **(1)** *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>
> **(A)** the law that provides the applicable statute of limitations allows relation back;
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Accordingly, for an amendment to relate back under Rule 15(c)(1)(C), a plaintiff must demonstrate that (1) the claim asserted in the amendment arises out of the conduct, transaction, or occurrence set forth in the original complaint; (2) the added party received notice of the suit in the 120 days following the filing of the original complaint; (3) the notice was such that the added party will not be prejudiced in maintaining a defense on the merits; and (4) the added party knew or should have known that but for a mistake the identity of the proper party, the action would have been brought against it. *Black-Hosang v. Ohio Dep't of Public Safety*, 96 F. App'x 372, 374–75 (6th Cir. 2004); *Moore v. City of Harriman*, 272 F.3d 769, 774 (6th Cir. 2001).

4

### III. Analysis

The Court begins with whether the proposed amendment relates back. The parties do not dispute that the proposed amendment arises out of the conduct, transaction, or occurrence set forth in the original complaint. Defendant, however, disputes that NP Properties received timely notice of the action. Defendant also asserts that plaintiff is attempting to add a new party after the statute of limitations period has run, which is barred by Sixth Circuit case law. Finally, defendant asserts that plaintiff did not make a "mistake."

In order to relate back, NP Properties had to have had notice of the action "within the time period provided by Rule 4(m) for serving the summons and complaint." Fed. R. Civ. P. 15(c)(1)(C). "The notice required by Rule 15(c) can be either actual or constructive." *Beverly v. MEVA Formwork Sys., Inc.*, 500 F. App'x 391, 394 (6th Cir. 2012) (citations omitted). "[I]n determining whether a newly-named defendant had constructive notice of a lawsuit" the Sixth Circuit has instructed district courts to consider "the relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both the original and new defendants, and whether the defendants are officials of the original defendant." *Beverly*, 500 F. App'x at 394 (citations omitted).

The Court finds that NP Properties had constructive notice, if not actual notice, of plaintiff's lawsuit. Plaintiff asserts there is a "close business relationship between Diverse Concepts, LLC and NP Properties, LLC," as evidenced by Parkside Grill's

5

website [Doc. 45 p. 4]. In addition, plaintiff asserts the companies share an office suite. The record also indicates that the same attorneys have represented both defendant and NP Properties [*Id.* at 3].

While defendant asserts NP Properties was not on notice within the 120-day timeframe of Rule 4(m), defendant fails to recognize, as the Court has previously noted, the Sixth Circuit has incorporated "Rule 4(m)'s 120-day baseline" as well as "Rule 4(m)'s good-cause baseline exception" into Rule 15's notice deadline. *Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010). The Court afforded plaintiff an extension of time to effect service and the record demonstrates that NP Properties was on notice within this timeframe.

Moreover, the Court finds that notice was such that NP Properties will not be prejudiced in maintaining a defense on the merits. This action is in the infancy stages of litigation. As defendant points out, there has been no written discovery or depositions.

That leaves the Court with determining whether NP Properties knew or should have known that the action would have been brought against it, but for a mistake concerning its identity. Defendant argues that plaintiff made no mistake and that Sixth Circuit case law precludes relation back where the amendment adds a new party.

According to the Supreme Court, "[a] mistake is '[a]n error, misconception, or misunderstanding; an erroneous belief.'" *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010) (second alteration in original and citation omitted). A district court "may infer the absence of mistake only if the complaint and a plaintiff's conduct together

6

demonstrate that a plaintiff sought some strategic advantage in naming the wrong defendant in the original complaint." *Waite, Schneider, Bayless & Chesley Co., LPA v. Davis*, No. 1:11CV851, 2013 WL 4080712, at *4 (S.D. Ohio Aug. 13, 2013) (citing *Krupski*, 560 U.S. at 552). Here, the Court finds plaintiff's conduct cannot be considered strategic. Put another way, there is no indication that plaintiff intentionally sued Parkside Grill to gain advantage in this action. If anything, by suing Parkside Grill, defendant has "disadvantaged himself." *See id.* (finding the counter-plaintiff "disadvantaged himself" in a malpractice lawsuit by suing the law firm when state law required that he sue the individual attorneys responsible for his injuries). Moreover, the record indicates that plaintiff wanted to sue his employer, he was just mistaken as to his employer's identity. And the Court notes, "[t]he reasonableness of the mistake is not itself at issue." *Krupski*, 560 U.S. at 549.

Defendant is correct that Sixth Circuit precedent "holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations,'" *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (citation omitted), *see also Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010), but that line of cases is inapposite here. Plaintiff is attempting to substitute a party, specifically NP Properties for Parkside Grill, which the Court previously dismissed because it is not a legal entity. Allowing the amendment to substitute comports with "the purpose of relation back: to

7

balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski*, 560 U.S. at 550.

Accordingly, for these reasons, the Court finds the proposed amendment relates back to the original complaint. That conclusion does not end the inquiry, however, because defendant argues that the proposed amendment should be denied due to plaintiff's undue delay, repeated failures to cure deficiencies, and undue prejudice to defendant. While the Court finds plaintiff delayed to some degree in amending the complaint to name NP Properties as a defendant, the Sixth Circuit has instructed that to deny leave to amend, the Court "must find both undue delay by the party seeking the amendment and a substantial prejudice to the non-movant if leave is granted." *Dura Operating Corp. v. Magna Int'l*, No. 2:10-cv-11566, 2011 WL 1296990, at *4 (E.D. Mich. Apr. 5, 2011) (citing *Moore v. City of Paucah*, 790 F.2d 557, 559–62 (6th Cir. 1986)). The Court does not find that the delay here has caused any undue prejudice to defendant. As noted already, this action in in the infancy stages of litigation, and there seems to be no issues regarding any loss of evidence or other hardship caused as a result of plaintiff's delay.

## IV. Conclusion

For the reasons set forth herein, the Court hereby **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint and for Extension of Time for Service to Defendants

8

[Doc. 45]. Plaintiff shall have **fourteen (14) days** from entry of this order to file the proposed amended complaint [Doc. 45-1] and serve it upon defendants.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE